IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CHARLES BOSWELL,                          :
                                          :
              Petitioner(s),              :
                                          :   Case Number: 1:07cv702
      vs.                                 :
                                          :   District Judge Susan J. Dlott
WARDEN, LEBANON CORRECTIONAL              :
INSTITUTION,                              :
                                          :
              Respondent(s).              :

ORDER

This matter is before the Court pursuant to the Order of General Reference in the United

States District Court for the Southern District of Ohio Western Division to United States

Magistrate Judge Timothy S. Hogan. Pursuant to such reference, the Magistrate Judge reviewed

the pleadings and filed with this Court on August 26, 2008 a Report and Recommendation (Doc.

10).  Subsequently, the petitioner filed objections to such Report and Recommendation (Doc.

13).

The Court has reviewed the comprehensive findings of the Magistrate Judge and

considered de novo all of the filings in this matter. Upon consideration of the foregoing, the

Court does determine that such Recommendations should be adopted.

Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) is

**DENIED** with prejudice.

A certificate of appealability will not issue with respect to petitioner's claims for relief,

which this Court has concluded are barred from review on procedural waiver grounds, because

"jurists of reasons would not find it debatable as to whether this Court is correct in its procedural

ruling" under the first prong of the applicable two-part standard enunciated in *Slack v. McDaniel,* 529 U.S. 473m 484-85 (2000).  Although, therefore, it is not necessary to address the second part of the *Slack* test, the Court further finds pursuant to that standard that "jurists of reason" would not find it debatable whether petitioner has stated a viable constitutional claim for relief.  *See Slack,* 529 U.S. at 484.

First, to the extent petitioner alleges that he was denied due process because the Ohio Adult Parole Authority (OAPA) failed to exercise reasonable diligence in conducting the revocation proceedings, it is clear from the record that the OAPA in fact acted promptly, arresting petitioner on the parole violation charges on November 8, 2006, within a week of his return to Ohio; serving him with notice of the parole violation hearing six days later on November 14, 2006; and holding the revocation hearing soon thereafter on December 4, 2006. Although the parole violation charges were initially lodged in May 1994, petitioner was incarcerated in Michigan at that time and was not discharged from Michigan's custody until November 1, 2006.

Second, the record does not give rise to a viable claim that the OAPA lacked authority to revoke petitioner's parole based on the removal of the detainer in 2001.  A detainer is a "request filed by a criminal justice agency with the institution in which a prisoner is incarcerated, asking the institution to either hold the prisoner for the agency or to notify the agency when release of the prisoner is imminent."  *Carchman v. Nash,* 473 U.S. 716, 719 (1985).  Generally, detainers are filed so that the authority which has placed the detainer can eventually obtain custody of the prisoner for the purpose of executing additional sentences imposed against the prisoner, or prosecuting outstanding criminal charges or outstanding parole or probation violation charges.

2

*See id.* at 719, 727.

Here, the removal of the detainer merely operated as a relinquishment of Ohio's right to have petitioner held in Michigan as a means of ensuring petitioner would be made available to Ohio on the outstanding parole violation charges.  The detainer's removal did not result in the dropping of any of those charges against petitioner.  Indeed, it is clear from the record that the detainer was removed only at petitioner's request so that he might be viewed as a better candidate for participation in certain Michigan drug treatment programs or for parole release in Michigan.  In removing the detainer, the Ohio Department of Rehabilitation and Correction (ODRC) expressly advised petitioner and the Michigan "Record Officer/Detainer Clerk" that Ohio was "not relinquishing any jurisdiction" over petitioner's case and that the ODRC needed to be notified 60 to 90 days before petitioner's release from prison in Michigan.  (*See id.,* Exs. 3-i,3-j).  Michigan was further advised that petitioner "still owes Ohio a [parole] supervision obligation and it is our intention that obligation be fulfilled."  (*Id.,* Ex. 3-).

Finally, petitioner has alleged a viable claim that he was denied due process because his parole was revoked without notice.  The letters notifying petitioner and Michigan authorities of the detainer's removal arguably contained certain vague statements that could be interpreted by petitioner as meaning that he would continue on parole either in Michigan or Ohio after his discharge from prison in Michigan.  However, the OAPA was not precluded from pursuing, or even reinstating, the parole violation charges upon petitioner's return to Ohio where he remained under continued parole supervision.  Petitioner received sufficient notice of the charges against him when soon after his return to Ohio in November 2006, he was arrested and served with the formal "Notification of Release Violation Hearing," which specifically identified each of the

parole violation charges and informed petitioner of his rights at the hearing to be held on December 4, 2006. *See Morrissey v. Brewer,* 408 U.S. 471 (1972).

With respect to any application by petitioner to proceed on appeal *in forma pauperis,* the Court will certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting the Report and Recommendation will not be taken in "good faith, and therefore **DENIES** petitioner leave to appeal *in forma pauperis. See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

IT IS SO ORDERED.

     s/Susan J. Dlott     
Susan J. Dlott
United States District Judge